Dear Commissioner Drennen:
You have requested an opinion of this office concerning right-of-way fees charged by the State Land Office to individuals and corporations for crossing state lands pursuant to La. R.S.41:1173. The State Land Office feels that it is necessary to increase these fees to insure that adequate consideration is being paid to the State of Louisiana for these rights as required by La. R.S. 47:1173 [41:1173]; and in order to avoid any technical violation of Louisiana Constitution Article VII, Section14, which prohibits the donation of state property.
You advise that in 1975 and 1977 rules and regulations were promulgated in accordance with the Administrative Procedure Act to establish the procedures and fees that would be charged for the granting of rights-of-way across state lands and waterbottoms. Since July 1977, right-of-way grants issued by the State Land Office have had twenty year terms with an option to renew for an additional twenty years on the same terms and conditions as the original agreement, except that the consideration for the renewal shall be adjusted to reflect the percentage of increase or decrease in the cost of living index as established by the Consumer Price Index.
Thus, beginning in July 1997, a grantee electing to renew a right of way purchased in 1977 will be paying the State of Louisiana approximately three times the original charge. This increase in price will establish a price for renewed right-of-way grants that are comparable to the current market price for private rights-of-way. On the other hand, a grantee purchasing a new right-of-way from the State of Louisiana in 1997 would pay in accordance with the prevailing 1977 rate schedule or approximately one-third of the current market price.
Therefore, in light of Louisiana Constitution Article VII, Section 2.1, you have requested an opinion from this office as to whether the enactment of a law by a two-thirds vote of the elected members of each house of the legislature is required to increase the fees charged for new right-of-way grants or can the State Land Office simply promulgate new rules and regulations in accordance with the Administrative Procedure Act, as was done in the past.
The question as to what is a "fee" for purposes of Louisiana Constitution Article VII, Section 2.1 has been previously addressed in Opinion No. 96-353. That opinion concluded that "charges which are assessed by a governmental entity for the purpose of defraying the costs of providing a governmental service or the costs of regulating a particular area would be considered fees" for the purposes of Article VII, Section 2.1. Opinion No. 96-353 further concludes that the fees or charges for non-governmental functions, products or services would not be considered "fees" for the purposes of Article VII, Section 2.1.
Typical of fees charged by the State Land Office, which would be considered "fees" for the purposes of Article VII, Section 2.1, would be those fees enumerated in La. R.S. 41:8. But is the charge imposed by the State Land Office for a right-of-way across state lands pursuant to La. R.S. 41:1173 a "fee" for the purposes of Louisiana Constitution Article VII, Section 2.1?
The rules and regulations promulgated by the State Land Office refer to "fees for permits" to be charged based on the size of the pipeline, and the width of the right-of-way. See:43:XXVII.2701. M. However, it is the opinion of this office that the word "fees" and "permits" contained in this particular rule are not technically correct in describing the nature of the transaction granting a right-of-way.
A right-of-way grant is in the nature of a sale of a right-of-use of the landowner's property. A right-of-use is a personal servitude, which confers in favor of one person a specific use over immovable property belonging to another person of less than full ownership. See: La. C.C. Article 639. This codal definition of a right-of-way or right-of-use is applicable to both transactions between the state and its grantee, and a private landowner and his grantee.
Thus, it is the opinion of this office that consideration paid the state for a right-of-way across its property is not a "fee" for purposes of Article VII, Section 2.1 because it is not a charge assessed for the purpose of defraying the costs of a governmental service or regulating a particular activity under the control of government. Since La. R.S. 41:1173 requires that adequate consideration be paid to the state for right-of-way grants, then there may be recurring and future violations of Louisiana Constitution Article VII, Section 14, if the state fails to adjust the price for rights-of-way that would be comparable to the market price paid for private rights-of-way.
We hope that this opinion will be of assistance to the State Land Office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp